1

2

3

4

5

6          UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF WASHINGTON
7

8   UNITED STATES OF AMERICA,        NO. CR-02-0260-EFS
                                     NO. CR-04-0150-EFS
9               Plaintiff,
                                     **ORDER DENYING DEFENDANT'S**
10        v.                         **MOTIONS FOR RELIEF FROM**
                                     **JUDGMENT OR ORDER PURSUANT TO**
11  MICHAEL B. COSAND,               **FED. R. CIV. P. 60(b) AND**
                                     **MOTION FOR ADDENDUM TO PRE**
12              Defendant.           **SENTENCE REPORT**

13

14       Before the Court, without oral argument, is Defendant Michael B.

15  Cosand's *pro se* Motions for Relief From Judgment or Order Pursuant to

16  Fed. R. Civ. P. 60(b) and Motion for Addendum to Pre Sentence [sic]

17  Report (CR-02-0213-EFS: Ct. Rec. 213; CR-04-0150-EFS: Ct. Rec. 12).

18  After reviewing the submitted materials and relevant authority, the Court

19  is fully informed on the issues raised in the motions and hereby denies

20  Defendant's requests.

21                      **I.   Background**

22       On October 29, 2004, Defendant was sentenced to forty-one (41)

23  months imprisonment after pleading guilty to making and subscribing a

24  false 1999 joint United States individual tax return in violation of 26

25  U.S.C. § 7606(1) and being found guilty on numerous federal fraud

26  charges. (CR-04-0150-EFS: Ct. Rec. 9; CR-02-0213-EFS: Ct. Recs. 199 &

ORDER ~ 1

1  205.)  Neither of Defendant's judgments nor his presentence investigative

2  reports recommended he participate in the Bureau of Prison's ("BOP's")

3  500-Hour Residential Drug Abuse Program ("RDA Program").  *Id.*  Defendant

4  is now serving his sentence at a BOP facility in El Paso, Texas.

5      After commencing his incarceration, Defendant participated in a

6  substance abuse evaluation performed by Tom Wilson of the Tom Wilson

7  Counseling Center.  (CR-02-0213-EFS:  Ct.  Rec.  214  at  6-8.)    In his

8  Substance Abuse Evaluation Report, Mr. Wilson indicates Defendant's

9  "profile meets criteria for Alcohol Dependence [ ] and Anxiolytic Abuse

10 [ ]."[1] *Id.* at 6.   Based on this evaluation, Mr.  Wilson recommends

11 Defendant "[p]articipate in a community based relapse prevention and

12 recovery activities upon release." *Id.*

13     Based on Mr. Wilson's recommendation and his purported desire to

14 treat his alcohol and tranquilizer abuse problems, Defendant sought

15 acceptance into the BOP's RDA Program.  According to Defendant, this

16 request was denied by the BOP because Defendant "has no documented

17 history of substance abuse in his PSR . . . ." *Id.* at 6.  Because the BOP

18 denied his request for placement in RDA Program, Defendant now moves this

19 Court under Federal Rule of Civil Procedure 60(b) to amend his judgments

20 and presentence investigative reports to include recommendations he

21 participate in the BOP's RDA Program.

22 ///

23 ///

24

25     [1] The Court presumes "Anxiolytic Abuse" refers to Defendant's

26 alleged misuse of tranquilizer drugs.

ORDER ~ 2

**II. Analysis**

**A. Federal Rule of Civil Procedure 60(b)**

Under Rule 60(b), a party may seek relief from a final judgment. FED. R. CIV. P. 60(b). However, the Federal Rules of Civil Procedure generally only "govern the procedure in the United States district courts in all suits of a civil nature . . . .[,]" FED. R. CIV. P. 1, and habeas corpus proceedings, FED. R. CIV. P. 81. For this reason, because Defendant's cases are criminal in nature, and not civil or brought under a habeas corpus statute, Rule 60(b) is inapplicable and may not serve as the basis of subject matter jurisdiction as Defendant suggests.

**B. Habeas Petition: 28 U.S.C. § 2241**

A federal prisoner challenging the manner, location, or conditions of his sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1991); *United States v. Hutchings*, 835 F.2d 185, 186-87 (8th Cir. 1987). Moreover, given that a § 2241 writ of habeas corpus acts upon the person whom is holding the individual in allegedly unlawful custody, § 2241 habeas petitions must be filed in the federal district court with jurisdiction over the prisoner's *custodian*. *See* 28 U.S.C. § 2241; *Braden v. 30th Judicial Cir. Ct. Of Kent.*, 410 U.S. 484, 494-95 (1973).

Because Defendant is housed in FCI La Tuna, which is located in El Paso, Texas, this Eastern District of Washington Court does not have personal jurisdiction over the Warden of the FCI La Tuna. *See Miller v.*

ORDER ~ 3

1 *Hambrick*, 905 F.2d 259, 261 (9th Cir. 1990); *Dunne v. Henman*, 875 F.2d

2 244, 249 (9th Cir. 1989); *United States v. Giddings*, 740 F.2d 770, 772

3 (9th Cir. 1984).  Accordingly, this Court cannot hear § 2241 habeas

4 petitions filed by Defendant and for this reason does not construe the

5 instant motions as § 2241 habeas petitions.

6      However, because Defendant is essentially challenging the BOP's

7 decision to not recognize Mr. Wilson's Substance Abuse Evaluation Report

8 as evidence of his qualification for the RDA Program, which ultimately

9 affects the manner, location, and conditions of Defendant's sentence, the

10 Court believes the ultimate relief Defendant seeks may be achieved by

11 filing a § 2241 habeas petition in the Western District of Texas.  Should

12 Defendant choose to file a § 2241 habeas petition, Defendant should

13 ensure he has exhausted all administrative remedies available to him

14 prior to doing so. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir

15 1986) ("Federal prisoners are required to exhaust their federal

16 administrative remedies prior to bringing a petition for a writ of habeas

17 corpus in federal court.").

18      Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motions for Relief

19 From Judgment or Order Pursuant to Fed. R. Civ. P. 60(b) and Motion for

20 Addendum to Pre Sentence Report **(CR-02-0213-EFS: Ct. Rec. 213; CR-04-**

21 **0150-EFS: Ct. Rec. 12)** are **DENIED**.

22 ///

23 ///

24 ///

25 ///

26 ///

ORDER ~ 4

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

2    this Order and provide a copy to the Government and Defendant

3    **DATED** this 21st    day of February, 2006.

4

5                              /s/Edward F. Shea
                              EDWARD F. SHEA
6                    United States District Judge

7    Q:\Criminal\2004\0150.Rule.60.denial.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 5